**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DARYA IVANKINA, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-3450 |
| | ) | |
| FACEBOOK, INC., and FACEBOOK IRELAND LIMITED, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Darya Ivankina ("Plaintiff"). individually and on behalf of all others similarly situated, through her undersigned counsel, alleges for her Class Action Complaint against Defendants, Facebook, Inc., and Facebook Ireland Limited (hereinafter referred to collectively as "Defendants") based upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by her counsel as follows:

**NATURE OF THE ACTION**

1.      Wireless spam is a growing problem in the United States.  According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."  In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."  Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://www.pewinternet.org/~/media/Files/Reports/2010/PIP_Adults_Cellphones_Report_2010.pdf

(last visited Sept. 25, 2012).

2.      In one such effort to promote social connections on its website, Defendants engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout Illinois and the United States.

3.       By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4.      In order to redress these injuries, Plaintiff, on behalf of herself and the Class defined herein, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("Telephone Consumer Protection Act" or "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5.      On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the Class Members, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff, Darya Ivankina, is a natural person and a member of the Class defined herein.

7.      Defendant Facebook, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Facebook, Inc. is an online social network.

8. Defendant, Facebook Ireland Limited, is a wholly owned subsidiary of Facebook, Inc. and is organized under the laws of the Republic of Ireland with its principal place of business in Dublin, Ireland. Facebook Ireland Limited is the entity with which Facebook, Inc. users located outside of the United States or Canada have a contractual relationship.

## JURISDICTION & VENUE

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

10. Personal jurisdiction over Defendants is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District including, *inter alia*, the transmission of unsolicited text messages to Plaintiff's and other Class Members' wireless telephone numbers located in this District.

## COMMON ALLEGATIONS OF FACT

12. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

14.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting her or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be instantly received by the called party virtually anywhere worldwide.

15.     Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

16.     Over the course of an extended period beginning in at least 2013, Defendants and their agents directed the mass transmission of wireless spam to the cell phone numbers in Illinois and throughout the United States in an unlawful effort to market and promote Defendants' social networking website.

17.     On February 5, 2013 at 4:24 p.m. Central Daylight Time, Plaintiff's cellular telephone alerted her that a text message had been received.

18.     The "from" field of such transmission was identified cryptically as "326-65," a format which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendants or one of their agents on their behalf.

19.     A true and correct image of the text message received by Plaintiff appears below:



20.     Upon information and belief, the SMS short number described above is owned and operated by Defendants and/or Defendants' agents.

21.     Defendants' and their agents' use of an SMS short code enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers.

22.     At no time did Plaintiff consent to the receipt of the above-referenced text message or any other wireless spam from Defendants.

<strong>CLASS ACTION ALLEGATIONS</strong>

23.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received
> one or more unauthorized text message advertisements from or on
> behalf of Facebook, Inc., Facebook Ireland Limited, or both.

24.     Excluded from the Class are Defendants and any of their officers, directors or employees, the presiding judge, and members of their immediate families.  Plaintiff hereby reserves her right to amend the above Class and subclass definition based on discovery and the proofs at trial.

25.     In order to make their *en masse* transmissions of text message advertisements economical, Defendants and their agents used one or more short codes to transmit the text messages to thousands of consumers' cellular telephone numbers. As such, the Class consists of thousands of individuals and other entities, making joinder impracticable.

26.     Plaintiff will fairly and adequately represent and protect the interests of the other Members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other Members of the Class.

27.     Absent a class action, most Members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

28.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other Members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Members of the Class.

29.     The factual and legal bases of Defendants' liability to Plaintiff and to the other Members of the Class are the same, resulting in injury to the Plaintiff and to all of the other Members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class Members have all suffered harm and damages as a result of Defendants'

unlawful and wrongful conduct described herein.

30.     There are many questions of law and fact common to the claims of Plaintiff and the other Members of the Class, and those questions predominate over any questions that may affect individual Members of the Class. Common questions for the Class include, *inter alia*, the following:

(a)     Whether the wireless spam Defendants distributed violates the TCPA;

(b)     Whether Defendants acted willfully and, if so, whether Plaintiff and class Members are entitled to treble damages; and,

(c)     Whether the conduct alleged herein above violated Class Members' right to privacy.

## COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

31.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.     Defendants made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages to thousands of consumers' wireless telephone numbers without human intervention.

33.     These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the other Members of the Class to receive such wireless spam.

34.     Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.  As a result of Defendants' conduct, Plaintiff and the Members of the Class suffered actual damages by having to pay their respective wireless carriers for their receipt of such text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

35.     Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other Members of the Class.

WHEREFORE, Plaintiff, Darya Ivankina, on behalf of herself and the Class, prays for the following relief:

A.     An order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of the Class defined herein, and appointing Plaintiff as representative of the Class and her counsel as Class counsel;

B.     An award of actual and statutory damages;

C.     An injunction requiring Defendants to cease all wireless spam activities;

D.     An award of reasonable attorneys' fees and costs; and

E.     Such further and other relief the Court deems just and appropriate.

-9-

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  May 8, 2013

Respectfully submitted,

DARYA IVANKINA

By:     s/ William M. Sweetnam
         One of Her Attorneys

William M. Sweetnam
*wms@sweetnamllc.com*
Matthew M. Rossetti
*mmr@sweetnamllc.com*
Blake P. Nielsen
*bpn@sweetnamllc.com*
SWEETNAM LLC
582 Oakwood Avenue, Suite 200
Lake Forest, Illinois  60045
(847) 559-9040
(847) 919-4399 (fax)

*Attorneys for Plaintiff and the Class*